UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ROSE,

                        Plaintiff,

            v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

                        Defendant.

CASE NO. 14-cv-05039 BHS JRC

REPORT AND RECOMMENDATION
TO DISMISS FOR LACK OF
PROSECUTION

NOTED: December 19, 2014

This matter has been referred to United States Magistrate Judge J. Richard Creatura

pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as

authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This

matter is before the Court on this Court's Order to Provide Proof of Service or to Show Cause

why this matter should not be dismissed (*see* Dkt. 6).

This Court issued an Order to Provide Proof of Service or to Show Cause why this matter

should not be dismissed (Dkt. 6) on October 2, 2014, ordering plaintiff to provide proof of

service or show cause by November 7, 2014 why this matter should not be dismissed for lack of

prosecution.  Plaintiff has failed to file anything in response to this Court's Order. For this reason

1    and because there is no evidence in the record that this case has been served properly, this Court

2    recommends that this action be dismissed without prejudice.

3                                             BACKGROUND

4            Plaintiff filed his Declaration and Application to Proceed *In Forma Pauperis* on January

5    13, 2014 with a Cover Sheet and Complaint (Dkt. 1).  The Order Granting Application to

6    Proceed *In Forma Pauperis* was entered on January 15, 2014 (Dkt. 2) and plaintiff's Complaint

7    was filed on January 15, 2014 (Dkt. 3).  A copy of the Order, the filed Complaint and a copy of

8    the *Pro Se* Instruction Sheet in Civil Cases was mailed to plaintiff on January 15, 2014.  Fed R.

9    Civ. P. 4(m) requires a defendant to be served within 120 days after a complaint is filed.  Fed. R.

10   Civ. P. 4(l) requires proof of service to be filed or made to the court.  The record does not show

11   that the Complaint has been properly served.

12                                             DISCUSSION

13           This Court's October 2, 2014 order (*see* Dkt. No. 6) informed plaintiff that Fed. R. Civ.

14   P. 4(i) governs service with respect to complaints against the United States and against United

15   States agencies, officers and employees.  Plaintiff also was informed that Fed. R. Civ. P. 4(m)

16   requires the court to provide notice to plaintiff before a matter may be dismissed for lack of

17   prosecution, and Rule 4(i)(4) requires the court to allow a reasonable time for plaintiff to cure a

18   failure to serve multiple entities, if plaintiff has effected service on either the United States

19   attorney or the Attorney General of the United States.

20           The Court also informed plaintiff in that Order that regarding social security complaints,

21   "Rule 4(i) requires plaintiff to serve a summons and copy of complaint on the following entities:

22   (a) the United States attorney for the district in which the action is brought or to an assistant

23   United States attorney or clerical employee designated by the United States attorney in writing

24

1   filed with the clerk of court or the civil process clerk at the office of the United States attorney;

2   (b) the Attorney General of the United States at Washington, District of Columbia; and (c) the

3   officer or agency" (Dkt. No. 6, p. 2; *see also* Dkt. No. 2, pp. 1-2). Fed. R. Civ. P. 4(i).

4        Plaintiff was given five weeks to provide proof of service or show cause why this Court

5   should not file a Report and Recommendation to dismiss this action. The Court was not willing

6   to risk dismissal of an action before consideration of the merits when "other less drastic

7   alternatives [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*,

8   832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671,

9   674 (1981)). The Court provided notice to plaintiff that this matter would be dismissed for lack

10   of prosecution if plaintiff failed to provide proof of service by November 7, 2014 (*see* Dkt. 6, p.

11   3). Although "the court must extend the time for service" if good cause is shown, plaintiff has

12   not filed anything since the Court's Order to Show Cause (*see id.*). *See* Fed. R. Civ. P. 4(m).

13                     <u>CONCLUSION</u>

14        According to the Federal Rules of Civil Procedure, if "a defendant is not served within

15   120 days after the complaint is filed, the court-on motion or on its own after notice to the

16   plaintiff-must dismiss the action without prejudice against that defendant or order that service be

17   made within a specified time." Fed. R. Civ. P. 4(m).

18        As plaintiff failed to abide by this Court's order and provide proof of service or show

19   cause why this matter should not be dismissed, the undersigned recommends that this matter be

20   dismissed for lack of prosecution and that the case be closed.

21        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

23   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

1  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 19,

3  2014, as noted in the caption.

4        Dated this 21st day of November, 2014.

5

6  _____

7  J. Richard Creatura
  United States Magistrate Judge